# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HARPER-HUTZEL HOSPITAL,

    Plaintiff,

v.                                              Case No. 12-12571

KAREN BLACK,

    Defendant/Third-Party Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF MINNESOTA
and ARCHWAY MARKETING SERVICES, INC.,

    Third-Party Defendants.
                                                /

## ORDER GRANTING THIRD-PARTY DEFENDANTS' MOTION TO DISMISS

Third-Party Plaintiff Karen Black ("Black") filed breach of contract and indemnity claims against Third-Party Defendants, Archway Marketing Services, Inc. ("Archway") and Blue Cross Blue Shield of Minnesota ("Blue Cross"), for failing to pay medical benefits pursuant to Black's employer provided health insurance. Third-Party Defendants move to dismiss Black's claims under Rule 12(b)(6). The motion has been fully briefed, and the court decides a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). Black failed to exhaust administrative remedies that are a mandatory precedent to filing suit, and the motion will be granted.

## I. BACKGROUND

Karen Black, as an employee of Archway, participated in her employer provided health care plan (the "Plan") for which Blue Cross served as the administrator. (Third-

Party Compl. ¶ 3, Dkt. # 1-1.)  While employed with Archway, Black received medical treatment at Plaintiff Harper-Hutzel Hospital ("Harper-Hutzel").  (Third-Party Pl.'s Resp. Mot. at 1, Dkt. # 15.)  Blue Cross sent Black three Explanation of Health Care Benefits ("EOB") statements which each explained that Black's claims for medical benefits could not be processed until Blue Cross received medical history information from another provider.  (Reply Brief Supp. Third-Party Defs.' Mot. Dismiss at 1, 3, 5, Dkt. # 1-1.)  The EOBs stated that the medical history information was necessary to process Black's claims and that her charges would be reviewed when the information was received.  (*Id.*)  The bottom of each EOB read, "See reverse side for Complaint/Appeal, Fraud and other important information."  (*Id.*)

       The EOBs and the Plan describe the administrative process for filing an appeal when a participant receives an "adverse benefit determination."  "A decision on a claim is an 'adverse benefit determination' if it is (a) a denial, reduction, or termination of, or (b) a failure to provide or make payment (in whole or in part) for a benefit."  (Third-Party Defs.' Mot. Dismiss at 15, Dkt. # 6-1.)  The Plan outlines in detail the appeals procedure and the time frame for deciding appeals.  (*Id.* at 15–17.)  Under the Plan's rules, "[a]n appeal is filed when a claimant . . . submits a written request for review to the Claims Administrator."  (*Id.* at 16.)  The Claims Administrator's mailing address is provided on the Plan's customer service page, (*id.* at 2), and explains that "[t]hese claims procedures must be exhausted before any legal action is commenced," (*id.* at 17).  The EOBs contain a similar statement, informing the participant that she "must exhaust these appeal procedures before starting any legal action."  (Reply Brief Supp. Third-Party Defs.' Mot. Dismiss at 2, 4, 6, Dkt. # 1-1.)

After receiving the EOBs, Black did not file an appeal or provide Blue Cross with the requested medical history information. Instead, Black called Blue Cross numerous times to ask why her medical bills were not being paid, but received no meaningful help or a clear answer. (Third-Party Pl.'s Resp. Mot. ¶¶ 6–8, Dkt. # 15-1.) Black's medical bills remained unpaid, compelling Harper-Hutzel to bring a collection suit against her in Dearborn Heights District Court. Black subsequently filed breach of contract and indemnity claims against Third-Party Defendants for failing to pay medical benefits pursuant to the health insurance contract. Third-Party Defendants now move under Rule 12(b)(6) to dismiss Black's claims for failing to exhaust the Plan's administrative remedies as required by ERISA.

## II. STANDARD

A complaint may be dismissed under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint "does not need detailed factual allegations," but "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Evans-Marshall v. Bd. of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005). In doing so, the court must "draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet the court

"need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 466 (6th Cir. 2000). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995). "[T]he court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

### III. DISCUSSION

ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "This preemption provision is to be construed broadly; a law 'relates to' an ERISA plan 'if it has a connection with or reference to such a plan.'" *McMillan v. Parrott*, 913 F.2d 310, 311 (6th Cir. 1990) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983)). Black filed breach of contract and indemnity claims against Defendants for withholding health care benefits pursuant to Black's employer provided health insurance. These state law claims relate to Black's employee benefit plan and therefore are governed by ERISA.

ERISA "requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller v. Metro. Life Ins.*, 925 F.2d 979, 986 (6th Cir. 1991). Under the Plan, "[a] claimant has a right to appeal an adverse benefit determination." (Third-Party Defs.' Mot. Dismiss at 15, Dkt. # 6-1.) An adverse benefit determination is defined as "(a) a denial, reduction, or termination of, or (b) a failure to provide or make payment (in whole or in part) for a benefit." (*Id.*) The Plan describes

4

the claim procedures and emphasizes that "[t]hese claims procedures must be exhausted before any legal action is commenced." (*Id.* at 17.)

Black received three EOBs from Blue Cross that each stated her claim could not be processed until additional medical history information was provided. These EOBs constitute adverse benefit determinations because they fail to pay a benefit. The back side of each EOB reminds participants that the Plan describes the appeal process and that participants "must exhaust these appeal procedures before starting any legal action." (Reply Brief Supp. Third-Party Defs.' Mot. Dismiss at 2, 4, 6, Dkt. # 1-1.) The EOBs further explain, "Upon exhaustion of the complaint/appeal process, members of group plans subject to the Employee Retirement Income Security Act (ERISA) have the right to file suit under section 502(a) of ERISA." (*Id.*) Both the Plan and EOBs, therefore, explicitly state that participants must exhaust the appeal process before initiating legal action. But Black never began, let alone exhausted, the appeal procedures.

Exhaustion is not required for ERISA claims, however, "when the remedy obtainable through administrative remedies would be inadequate or the denial of the beneficiary's claim is so certain as to make exhaustion futile." *Hill v. Blue Cross and Blue Shield of Mich.*, 409 F.3d 710, 718–19 (2005).

> The standard for adjudging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made. A plaintiff must show that it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision.

*Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 419 (6th Cir. 1998). Black has made no showing that the Plan's appeal procedures are inadequate or that her claim would

5

certainly be denied on appeal. Indeed, the EOBs provide no indication of the likelihood that Black's claims will be accepted or denied, stating only that her claims cannot be processed until the necessary medical history information is provided.

Dismissal is appropriate when a plan participant has not exhausted the administrative remedies and the administrative-review process is not futile. *See Hill*, 409 F.3d at 722. Black did not exhaust the administrative remedies and doing so would not be futile.

### IV. CONCLUSION

Accordingly, IT IS ORDERED that Third Party Defendants' motion to dismiss [Dkt. # 6] is GRANTED.

  s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 31, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2012, by electronic and/or ordinary mail.

  s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522